UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMOUD ALI ALI AL-DAILAM, *et al.*, <br><br>            Plaintiffs, <br><br>    v. <br><br> ANTONY BLINKEN, *et al.*, <br><br>            Defendants. | Case No. 1:24-cv-00108-JLT-CDB <br><br> ORDER GRANTING MOTION TO QUASH FOR INSUFFICIENT SERVICE OF PROCESS AND DIRECTING DEFENDANTS TO RESPOND TO COMPLAINT <br><br> (Doc. 8) <br><br> ORDER ADVANCING SCHEDULING CONFERENCE <br><br> <u>30-day Deadline</u> |

Pending before the Court is the motion to quash for insufficient service of process by Defendants Antony Blinken, the Embassy of the United States of Djibouti, and the United States Department of State ("Defendants"), the opposition of Plaintiffs Hamoud Ali Ali Al-Dailam, and Omar Hamoud Ali Al-Dailam ("Plaintiffs"), and Defendants' reply. (Docs. 8, 13, 15). On May 15, 2024, the Honorable District Judge Jennifer L. Thurston referred the pending motion to the undersigned for appropriate disposition. (Doc. 11). For the foregoing reasons, the Undersigned will grant Defendants' motion to quash for insufficient process.[1]

---

[1] The Undersigned properly may hear and determine Defendants' motion because the relief granted by this order is not dispositive of Plaintiffs' claims. *See Mitchell v. Valenzuela*, 791 F.3d 1166, 1168-69 (9th Cir. 2015).

1

**Background**

Plaintiffs initiated this action with the filing of a complaint asserting claims for declaratory and injunctive relief against Defendants on January 23, 2024. (Doc. 1). On March 15, 2024, Plaintiffs filed executed proofs of service of summons as to Defendants. (Doc. 5). Plaintiffs note they sent certified mail addressed to the U.S. Attorney's Office for the Eastern District of California in Fresno California. *Id*. at 2. Plaintiff also sent certified mail to U.S. Attorney General Merrick Garland, Antony Blinken, and the U.S. Embassy in Djibouti. *Id*. at 6-15. On May 8, 2024, Assistant U.S. Attorney Elliot Wong notified Plaintiffs' counsel that the U.S. Attorney's Office had no record of being properly served and identified an issue with the address used for service. (Doc. 13 at 2).

On May 14, 2024, Defendants filed the instant motion to quash for insufficient service of process. (Doc. 8). Defendants assert Plaintiffs did not mail a copy of the summons and complaint for the U.S. Attorney's Office to the correct address. *See id*. at 3 ("The correct suite number for the U.S. Attorney's Office is suite 4401. Suite 1501 is the address of the Clerk's Office of this Court."). On May 23, 2024, Plaintiffs filed a renewed executed proof of service of summons. (Doc. 12). Plaintiffs note they sent certified mail addressed to the U.S. Attorney's Office for the Eastern District of California, Sacramento, California, on May 20, 2024. *Id*. at 1.

On May 28, 2024, Plaintiffs filed an opposition to Defendants' motion for insufficient service of process. (Doc. 13). Plaintiffs contend the original service was sufficient for purposes of providing actual notice of the summons. *Id*. at 2. Plaintiffs argue all the relevant parties to the action received the summons and that "the US Attorney was served at the U.S. Attorney's Fresno Office, rather than their preferred Sacramento Office." *Id*. Plaintiffs argue in the alternative that the service error was promptly corrected and that they have demonstrated good cause for their failure to timely serve Defendants. *Id*. at 2-3. The following day, Plaintiffs filed a notice of errata to their opposition. (Doc. 14). On May 30, 2024, Defendants filed a reply to Plaintiffs' opposition. (Doc. 15). Defendants note Plaintiffs have now remedied their defect in service and withdraw their request in the alternative that the Court dismiss the action. *Id*. at 2. Defendants reassert Plaintiff's first attempt at service was insufficient as the mailing was sent to the wrong addresses and not received by any branch of the U.S.

Attorney's Office.  *Id*.  Defendants argue their deadline to file a responsive pleading should be 60 days from Plaintiffs' second attempt at service.  *Id*. (citing Fed. R. Civ. P. 12(a)(2)).

**<u>Discussion</u>**

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of action for "insufficiency of service of process."  The burden is on the plaintiff to demonstrate that the service of process was sufficient.  *Mateo v. The M/S Kiso*, 805 F. Supp. 792, 794 (N.D. Cal. 1992).  "A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed. R. Civ. P. 4."  *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").  "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."  *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).

Service of process on the United States is effectuated:

(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. Pro. 4(i)(1)(A)-(C).

Here, Plaintiffs did not comply with Rule 4(i) and sent the certified mail for the applicable branch of the U.S. Attorney's Office to an incorrect address.  (Doc. 5 at 2).  Therefore, Plaintiffs had not complied with Rule 4(i) when they first attempted service.  *E.g., Soltan v. FDIC*, No. CV 08-06397 MMM (JWJx), 2009 WL 10699411, at *4 (C.D. Cal. Feb. 17, 2009) (finding service defective where summons and complaint delivered to incorrect address); accord *Cuyler v. McDonough*, No. 8:22-cv-263-WFJ-AEP, 2022 WL 21737653, at *3 (M.D. Fla. Oct. 20, 2022).

The Undersigned next turns to Plaintiff's request for extension of time *nunc pro tunc* to serve Defendants.  Under Rule 4(m), service of process is deemed insufficient "[i]f a defendant is not served within 90 days after the complaint is filed."  Fed. R. Civ. P. 4(m).  Rule 4(m) permits a district court to grant an extension of time to serve the complaint.  *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).  The court may even extend "time for service retroactively after the [90] day service period has expired."  *U.S. v. 2,164 Watches More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir.2004); *Mann*, 324 F.3d at 1090.  If the plaintiff shows good cause for failing to serve, the court is required to extend the time period for service.  *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir.2009); *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir.2007).  If there is no good cause, the court has discretion to either dismiss the complaint without prejudice or to extend the time to serve the complaint.  *Lemoge*, 587 F.3d at 1198; *Efaw*, 473 F.3d at 1040.  A district court has broad discretion under Rule 4(m) to extend time for service even without a showing of good cause.  *Efaw*, 473 F.3d at 1040; *2,164 Watches*, 366 F.3d at 772.  In making extension decisions under Rule 4(m), a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.  *Scott v. Sebelius*, 379 F. App'x 603, 604-05 (9th Cir. 2010); *Efaw*, 473 F.3d at 1041.

The Undersigned finds Plaintiffs' representations demonstrate good cause.  Plaintiffs did attempt to serve Defendants in good faith.  (Doc. 5).  They also attempted to quickly address their error and properly erve the U.S. Attorney's Office.  (Doc. 12).  Moreover, the Undersigned finds Defendants have not experienced any prejudice resulting from this delay in service.  Thus, the Court finds Plaintiffs have shown good cause for their failure to time serve the U.S. Attorney's Office.

**Conclusion and Order**

For the reasons discussed above, it is HEREBY ORDERED:

1. Defendants' motion to quash for insufficient service of process (Doc. 8) is GRANTED;
2. Plaintiffs' request for an extension of time *nunc pro tunc* to serve Defendants is GRANTED;
3. Defendants SHALL RESPOND to Plaintiffs' complaint within 30 days of entry of this order; and

4

4. The scheduling conference set for September 26, 2024 (Doc. 10) is ADVANCED to August 5, 2024, at 9:30am in Bakersfield (CDB) before Magistrate Judge Christopher D. Baker. The parties shall appear at the conference remotely via Zoom video conference, and counsel may obtain the Zoom ID and password from the Courtroom Deputy prior to the conference. The parties are reminded of their obligation to file a joint scheduling report at least one week in advance of the scheduling conference. *See* (Doc. 4).

IT IS SO ORDERED.

Dated:   **June 6, 2024**                                        _____
                                                                    UNITED STATES MAGISTRATE JUDGE